Turner, J.
 

 This is an appeal from the Court of Common Pleas of Brown county to this court in an election case. The trial court’s jurisdiction is to be found in Section 4785-166
 
 et seq.,
 
 General Code. The appellate jurisdiction of this court is to be found in-Section 4785-172, General Code, enacted pursuant to-Section 21, Article II of the Ohio Constitution and which provides:
 

 “The person against whom the judgment is rendered may appeal on questions of law, within twenty days, to the Supreme Court of Ohio; but such appeal shall not supersede the execution of the judgment of the court. Such appeal shall take precedence over all other causes upon the calendar, and shall be set down for hearing and determination at the earliest convenient date. The laws and rules of the court governing appeals shall apply in the appeal of contested election cases. If the judgment of the lower court be affirmed,.
 
 *489
 
 the Supreme Court shall order the judgment of such lower court to be enforced, if the party against whom the judgment is rendered is in possession of the office.”
 

 The case was tried on an agreed statement of facts. While there were various grounds upon which the -contester claimed to have been elected, the trial court passed upon one question only as shown by the following quotation from the lower court’s decision:
 

 “Therefore, my conclusion is that the present election laws contain no provision for the ‘write-in’ meth■od of voting for a candidate in the general election, ■and none of the votes cast for the contestee for the office of prosecuting attorney, in the general election held in Brown county, November 2, 1948, should have ■been counted by the board of elections.
 

 “This conclusion is decisive and renders it unnecessary to pass on the other questions presented in this case.”
 

 As this court passes only upon questions of law passed upon by the lower court, we, therefore, have before us only the question of the validity of a name written in on a ballot cast at the general election held November 2, 1948. In other words, was it the duty •of the board of elections to count or to disregard a name written in the blank space appearing upon the ballot at a general election where the party tickets ■contained no printed name for the particular office?
 

 It is said in 15 Ohio Jurisprudence, 440, Section 104:
 

 “In a contest proceeding, the action of the election •officers in conducting the election, and in making and ■canvassing the returns and declaring the result thereof, is attended with a prima facie presumption of regularity.”
 

 It is contended by the appellee “that under the •election laws as amended, and effective January 2, 1948, a person can only become a candidate for the ■office to be filled at the general election by the method
 
 *490
 
 set out in the various statutes; and that the so-called ‘write-in’ campaigns are no longer recognized in the general election.”
 

 .No candidate for the office of prosecuting attorney-had been nominated by either the Republican or Democratic party at the primary election but appellee’s name appeared on the general election ballot as an independent candidate regularly nominated. There was a blank space provided under the ballot title of prosecuting attorney on each of the party columns.
 

 Appellee’s contention is based upon the amendment of former Section 4785-131, General Code, which amendment deleted a former provision authorizing the substitution of a name by writing another in black lead pencil and'making a cross mark in the blank space at the left of the name so written. Appellant counters with the argument that such vote (write-ins) is still specifically recognized by Section 4785-144, General Code, which it is claimed recognizes the “write-in” where there is a blank space provided therefor.
 

 Section 4785-144, General Code (122 Ohio Laws, 353), provides in part as follows:
 

 “No ballot shall be counted which bears any marks other than ‘X’ marks placed thereon or a name written therein by the voter, in a blank space provided therefor, and the printed or other matter ordered placed thereon for use in such precinct by the board of elections.”
 

 Former Section 4785-144, General Code, provided in part as follows:
 

 “No ballot shall be counted which is marked contrary to law, except that no ballot shall be rejected for any technical error unless it is impossible to determine the voter’s choice.”
 

 Appellee argues:
 

 “However, said Section 4785-144 as amended and effective January 2, 1948, makes no provision whatso
 
 *491
 
 ever requiring the various precinct officials to determine the voter’s choice. In other words, the question of the intention of the voter is completely deleted and •eliminated therefrom.”
 

 While it is true as claimed by the appellee that the ■question of intention has been deleted from Section 4785-144, General Code, yet the ascertainment of the intention of the voter is still implicit as a duty to be ■observed by the board of elections in the canvass of the vote. Counsel for appellee entirely ignores the ■following language of Section 4785-144, General Code:
 

 “No ballot shall be counted which bears any marks ■other than ‘X’ marks placed thereon
 
 or a name written therein by the voter, in a blank space provided therefor
 
 * * (Italics ours.)
 

 The foregoing is a general provision and applies to the counting of the ballots at a general election •and was amended by striking out all of the former language except, “No ballot shall be counted which,” the remainder of the section being entirely rewritten. This amendment was contained in Amended Substitute Senate Bill No. 3, 122 Ohio Laws, 325, 353,- passed June 2, 1947, and effective on and after January 2, 1948, while Section 4785-131, General Code, was amended on May 6, 1947, effective on and after January 2, 1948, by Amended Substitute Senate Bill No. 109 (122 Ohio Laws, 103, 125).
 

 In the
 
 per curiam
 
 opinion in the case of
 
 State, ex rel. Bigelow,
 
 v.
 
 Butterfield et al., Board of Elections of Hamilton County,
 
 132 Ohio St., 5, 6, 4 N. E. (2d), 142, it was held: ‘ ‘ Statutes relating to elections should be ■construed
 
 in pari materia.
 
 ’ ’
 

 While other sections of the election laws
 
 in pari materia
 
 may cast some doubt upon the real intention of the General Assembly, yet a court should not disregard a plain provision of a statute, amended and re
 
 *492
 
 written, to become effective at the same time as the-earlier enacted section
 
 in pari materia.
 
 As an indication that the General Assembly was assuming that “write-ins” were still authorized, attention is called1 to paragraph 6 of Section 4785-161c, General Code, amended in 119 Ohio Laws, 127, and still effective, wherein it is provided in respect of the requirements of voting machines as follows:
 

 “It shall permit each elector at all elections, other than primary elections, to vote a straight party .ticket by one device, and by one device to vote for all candidates of one party for presidential electors; to vote-a mixed ticket selected from the candidates of any and all parties and from independent candidates;
 
 and to vote for persons whose names are not on any-ballot.'”
 
 (Italics ours.)
 

 ' Constitutional questions in respect of the right to-vote have been raised. It is the duty of a court where constitutional questions are raised as here to liberally construe a statute to save it from constitutional infirmities.
 

 In 8 Ohio Jurisprudence, 160, Section 61, it is said:.
 

 “The presumption in favor of the constitutionality of statutes leads to the conclusion that where the validity of an act is assailed, and there are two possible interpretations, one of which would render it valid, and the other invalid, the court should adopt the former, so as to bring the act into harmony with-the Constitution.”
 

 In 8 Ohio Jurisprudence, 154, Section 58, it is said:
 

 “It is a well-established canon of construction-that every reasonable presumption be indulged in favor of the constitutionality of a statute.”
 

 Under Section 1, Article V of the Ohio Constitution,, every qualified elector is entitled to vote at all elections.
 

 
 *493
 
 It was held in the second paragraph of the syllabus in the case of
 
 Monroe
 
 v.
 
 Collins,
 
 17 Ohio St., 665:
 

 “The legislature have no power, directly or indirectly, to deny or abridge the constitutional right of citizens to vote, or unnecessarily to impede its exercise ; and laws passed professedly to regulate its exercise or prevent its abuse must be reasonable, uniform and impartial.”
 

 It was said by Judge Stewart in the case of
 
 State, ex rel. Beck,
 
 v.
 
 Hummel, Secy, of State and Chief Election Officer,
 
 150 Ohio St., 127, 139, 80 N. E. (2d), 899.
 

 “All election statutes should be liberally interpreted in favor of the right to vote according to one’s belief or free choice, for that right is a part of the very warp and woof of the American ideal and it is a right protected by both the constitutions of the United States and of the state.”
 

 In view of the language contained in Sections 4785-144 and 4785-161u, paragraph 6, General Code, and in view of the constitutional right to vote, we are of the opinion that the name of a person written upon a ballot in the blank space provided therefor under the designation of the office to be filled (in this case, prosecuting attorney) should be counted as a vote for the person whose name is so written at the November 2, 1948, election.
 

 Therefore, the judgment of the trial court herein is hereby reversed and this case is hereby remanded to the Court of Common Pleas of Brown county for fur- ^ ther proceedings according to law.
 

 Judgment reversed.
 

 Weygandt, C. J., Hart and Zimmerman, JJ., concur*
 

 Matthias and Taet, JJ., dissent.
 

 Stewart, J., not participating.