Weygandt, C. J.
Much of the controlling evidence is not in dispute.
The contestor and the contestee were opponents for nomination for the office at the Democratic primary election in May 1954. The contestor concededly was defeated.
However, in October of that year the contestor, although defeated at the Democratic primary election, publicly announced that he had decided to become an independent candidate for the office, and he asked the voters to write his name on the judicial ballot on which the contestee’s name had been printed by reason of being duly nominated. Although no blank space was provided on the ballot, a number of electors never *364 theless wrote the contestor’s name thereon. Precinct election officials received instructions from the county board of elections and the Secretary of State that since there was no blank space on the ballot, any name written thereon should be disregarded, and none was counted. This was in conformity with information given to the contestor previous to his announcement as an independent candidate. There was no Republican candidate for the office. The contestor demanded a recount, but it was refused by the board of elections.
The first question of law confronting the court is whether the contestor was entitled to have his so-called write-in votes counted.
Amended Section 3505.04, Revised Code, relating to the nonpartisan ballot to be used at general elections, now reads in part as follows:
“No blank spaces shall be provided on such ballot wherein an elector may write in the name of a person for whom he desires to vote except that if no candidate has been nominated for an office for which an election is to be held, blank spaces shall be provided under the title of said office equal in number to the number of persons to be elected to such office.”-
Formerly this language appeared in Section 4785-101, General Code.
Under the provisions of Section 27 of Article II of the Constitution of Ohio relating to the legislative powers of the General Assembly, it is stated in part that “the election and appointment of all officers, and the filling of all vacancies, not otherwise provided for by this Constitution, or the Constitution of the United States, shall be made in such manner as may be directed by law.”
Hence, the General Assembly is invested with the power and the duty to provide necessary election machinery and reasonable regulations for the exercise of the elective franchise.
It would seem, therefore, that the answer to this controversy is found in the above-quoted statutory provisions, especially in view of the prohibition in amended Section 3505.28, Revised Code, that “no ballot shall be counted which is marked contrary to law.” As required by Section 3505.04, supra, no blank space was provided on the ballot here involved, since a *365 candidate — the contestee — had been duly nominated for the office. However, the contestor questions the constitutionality of these provisions on the ground that they restrict his right to be a candidate. But an examination of the law fails to sustain this contention. Not merely one but two courses are provided by law for the benefit of an individual desiring to become a candidate. The first is that he may enter the primary election and become a candidate of his party if nominated. Secondly, he may become an independent candidate by merely filing a petition and thus avoiding a party primary election. The contestor chose the first course but was unsuccessful. Then approximately five months later and after being informed that there would be no blank space on the ballot and that no attempted vote for him could be counted, he nevertheless announced his second candidacy and asked the electors of the county to consider him an independent candidate instead of the candidate of his party. That the contestor himself was originally of the opinion that he would not be permitted a second candidacy for the office is indicated by his newspaper advertisement that the “primary election on May 4, 1954, decides who will be your common pleas judge; I or my Democratic opponent, as there is no Republican candidate.” This court likewise is of the opinion that the law is not unreasonable in limiting him to the one candidacy for that term of the office.
Mention is made of the decision of this court in the case of Wilson v. Kennedy, 151 Ohio St., 485, 86 N. E. (2d), 722, the syllabus of which reads as follows :
“Under Section 4785-144, General Code (122 Ohio Laws, 353), a name written on a ballot in a blank space provided therefor under the title of the office properly to be voted on at an election shall be counted as a vote for the person whose name is so written for election to the office indicated on the ballot immediately above such blank space. ’ ’
However, that decision is not controlling here inasmuch as it involved an election held in the year 1948, and the statutes have been amended since. Furthermore, the ballot used in the Wilson case, supra, did contain a blank space in which the name of the candidate was written.
Hence, this court is of the view that the contestor was not *366 entitled to have his so-called write-in votes counted, and the judgment of the Court of Appeals in favor of the eontestee must be affirmed. *

Judgment affirmed.

Matthias, Hart, Bell and Taet, JJ., concur.
Zimmerman and Stewart, JJ., concur in the judgment.