Judgment reversed<br>and cause remanded.

THOMAS F. BRYANT and CUPP, JJ., concur.

---

**OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, Appellant,**

v.

**COURSEN, Appellee.**

[Cite as *Ohio Pub. Emp. Retirement Sys. v. Coursen,*
156 Ohio App.3d 403, 2004-Ohio-1229.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 03CA008310.

Decided March 17, 2004.

---

404

Jim Petro, Attorney General and Joseph M. Marotta, Assistant Attorney General, for appellant.

Jonathan E. Rosenbaum, for appellees.

BATCHELDER, Judge.

{¶ 1} Appellant, the Ohio Public Employees Retirement System ("OPERS"), appeals from the judgment in the Lorain County Court of Common Pleas, Domestic Relations Division, that denied its motion to vacate the trial court's order that instructed it to pay survivor benefits to appellee Lisa Coursen. We reverse.

I

{¶ 2} On March 30, 2000, Lisa and Dyke Coursen petitioned the trial court for a dissolution of marriage. The trial court subsequently issued its decree, dissolving the parties' marriage. Pursuant to the dissolution decree and attached separation agreement, Ms. Coursen was to receive "one-half of the marital portion of [Mr. Coursen's] PERS account[.]" The qualified domestic relations order ("QDRO") addressed the distribution of Mr. Coursen's OPERS account, and it ordered him to "select a survivor benefit and [designate Ms.] Coursen [as the] irrevocable beneficiary of that survivor benefit."

{¶ 3} Mr. Coursen remarried and continued to work until he died in 2002. Prior to his death, he did not select a survivor benefit designating Ms. Coursen as the beneficiary. On May 1, 2002, the trial court nevertheless ordered OPERS to pay Ms. Coursen survivor benefits "as if [Mr.] Coursen elected her to be the irrevocable beneficiary." Following this order, Ms. Coursen moved to add OPERS as a new party defendant. In response to this motion, OPERS moved to vacate the trial court's May 1, 2002 order. The trial court granted Ms. Coursen's motion to add OPERS as a new party defendant. The trial court later denied OPERS's motion to vacate and ordered it to pay the survivor benefits to Ms. Coursen. It is from this judgment that OPERS timely appeals and raises three assignments of error for review.

II

A

### First Assignment of Error

"The trial court erred when it ordered Dyke Coursen's survivor benefits be paid to Lisa Coursen rather than Mr. Coursen's surviving spouse."

■ {¶ 4} In its first assignment of error, OPERS avers that the trial court erroneously determined that Ms. Coursen was entitled to Mr. Coursen's survivor benefits. As such, OPERS avers that the trial court's judgment that ordered it to pay the survivor benefits to Ms. Coursen was in error. Additionally, OPERS avers that the trial court erred when it determined that various sections of R.C. Chapter 45 were unconstitutional. We agree with OPERS's averments.

■ {¶ 5} A trial court has the discretion to grant or deny a motion to vacate. See *Filipas v. Green Cross Hosp.* (July 20, 1983), 9th Dist. Nos. 11076 and 11123, 1983 WL 4160. As such, an appellate court will not disturb a trial court's decision regarding a motion to vacate absent an abuse of discretion. See id. An abuse of discretion suggests more than an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

■ {¶ 6} We begin our review by examining the trial court's determination regarding the constitutionality of various sections of R.C. Chapter 145. Initially, we note that neither party raised the constitutionality issue at the trial court level. Rather, the trial court, sua sponte, raised this issue in its judgment. It is well recognized that a court should not "decide constitutional questions unless absolutely necessary." *State ex rel. Hofstetter v. Kronk* (1969), 20 Ohio St.2d 117, 119, 49 O.O.2d 440, 254 N.E.2d 15. See *Hall China Co. v. Pub. Util. Comm.* (1977), 50 Ohio St.2d 206, 210, 4 O.O.3d 390, 364 N.E.2d 852 (concluding that "Ohio law abounds with precedent to the effect that constitutional issues should not be decided unless absolutely necessary"). In this case, there is nothing in the record to evidence the absolute necessity of the trial court to delve into the issue of the constitutionality of various sections of R.C. Chapter 145. Accordingly, we find that the trial court did not need to determine this issue and erred in that regard. See *Stierhoff v. Shetler* (Feb. 5, 1993), 5th Dist. No. 92–CA–29, 1993 WL 48938 (finding that the trial court erred by sua sponte determining the constitutionality of R.C. 311.01, as the record "clearly demonstrate[d] that it was not absolutely necessary").

{¶ 7} Now we turn to R.C. Chapter 145, which creates and governs the Public Employees Retirement System ("OPERS"). R.C. 145.03 creates the "public employees retirement system * * * for the public employees of the state[.]" R.C. 145.03(A). PERS pays various statutorily mandated benefits to retired members, their surviving spouses, and other qualified individuals. As a retirement system created by statute, OPERS can pay benefits only as specifically provided by statute. See *Cosby v. Cosby*, 96 Ohio St.3d 228, 2002-Ohio-4170, 773 N.E.2d 516, at ¶ 10 and ¶ 19 (concluding that the State Teachers Retirement System is implemented and created by statute; therefore, benefits are governed by statute, and the courts cannot ignore the statutory mandates); *Erb v. Erb* (1996), 75 Ohio St.3d 18, 22, 661 N.E.2d 175, quoting *Dreger v. Pub. Emp. Retirement Sys.* (1987), 34 Ohio St.3d 17, 20–21, 516 N.E.2d 214.

{¶ 8} One of the statutorily mandated benefits is survivor's benefits. R.C. 145.45. Despite the existence of these benefits, the right to a survivor benefit arises if the deceased member has designated a beneficiary to receive such a benefit. R.C. 145.43(B). R.C. 145.43(B) provides:

"Except as provided in [R.C. 145.45(C)(1) ], should a member die before age and service retirement, the member's accumulated contributions, any deposits for purchase of additional annuity, any payment the member has made to restore previously forfeited service credit as provided in [R.C. 145.31], and any applicable amount calculated under [R.C. 145.401], *shall be paid to the person or persons the member has designated in writing duly executed on a form provided by the public employees retirement board, signed by the member, and filed with the board prior to the member's death.*" (Emphasis added.)

{¶ 9} A member's marriage, divorce, or marriage dissolution automatically revokes the member's previous designation. Id. If the member fails expressly to designate a beneficiary, then the surviving spouse is the first individual who is statutorily entitled to receive the survivor benefit. R.C. 145.43(C)(1). Notwithstanding the existence of a surviving spouse or designated beneficiary, if the member is survived by a qualified child, the benefits are paid to those qualified survivors, as provided in R.C. 145.45(B). R.C. 145.45(C)(1).

{¶ 10} Upon a thorough review of the record, we find that Mr. Coursen did agree to designate Ms. Coursen as the "irrevocable beneficiary"[1] of his survivor

---

1. We note that R.C. Chapter 145 does not provide for an "irrevocable beneficiary" in the context of survivor benefits. Specifically, R.C. 145.45(C)(1) provides that regardless of a surviving spouse or designated beneficiary, if a qualified child exists, the survivor benefits shall be distributed to the qualified survivors in accordance with R.C. 145.45(B). Therefore, if the designated beneficiary does not fall within the list of qualified survivors, he or she would not be entitled to survivor benefits. See R.C. 145.45(B)(2). As such, the status of an "irrevocable beneficiary" does not trump the provisions of the statute. See R.C. 145.45(B)(2).

benefits at the time the dissolution decree was finalized. However, there is nothing to indicate that Mr. Coursen did, in fact, designate Ms. Coursen as his beneficiary pursuant to R.C. 145.43(B). Specifically, Mr. Coursen did not complete an OPERS "member beneficiary designation" form designating Ms. Coursen as his beneficiary following the parties' marriage dissolution. Although the record indicates that Mr. Coursen did sign the dissolution decree and separation agreement, thereby evidencing his approval of the provision to designate Ms. Coursen as his beneficiary, we cannot construe this action as satisfying the first two requirements outlined in R.C. 145.43(B). Specifically, Mr. Coursen needed to complete an OPERS "member beneficiary designation" form following the parties' marital dissolution designating Ms. Coursen and sign this form, which he did not. See R.C. 145.43(B). Additionally, there is nothing to indicate that Mr. Coursen filed anything with the board prior to his death to properly designate Ms. Coursen as his beneficiary. See id. As the statutory requirements must be strictly followed, and Mr. Coursen failed to do so, we cannot say that Ms. Coursen was entitled to receive Mr. Coursen's survivor benefits. See *Cosby* at ¶ 19. Therefore, we conclude that the trial court abused its discretion when it denied OPERS's motion to vacate the May 1, 2002 order. Accordingly, OPERS's first assignment of error is sustained.

## B

### Second Assignment of Error

"The trial court erred in issuing the May 1, 2002 order against OPERS when OPERS was not yet a party."

### Third Assignment of Error

"The trial court erred in adding OPERS as a party defendant."

{¶ 11} In light of our disposition in the first assignment of error, we need not address OPERS's second and third assignments of error, as they are now rendered moot. See App.R. 12(A)(1)(c).

## III

{¶ 12} OPERS's first assignment of error is sustained, and its second and third assignments of error are not addressed. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed.

Judgment reversed.

BAIRD, P.J., and SLABY, J., concur.