{¶ 35} This case presents a straightforward issue: does OPERS have standing to appeal a decision defining to whom OPERS pays death benefits when OPERS acknowledges that it is required by law to pay that money to someone? The majority concludes that OPERS has standing to appeal the trial court's decision since OPERS was made a third-party defendant to the underlying case. In reaching this conclusion, the only caselaw the majority relies upon is a case which does not address the issue of standing. I must respectfully dissent from this conclusion.
 {¶ 36} Normally, an administrative agency can only appeal a trial court's decision not directly affecting the agency when a statute grants the agency that right. OPERS has no pecuniary interest in the outcome of this case since the issue is not whether OPERS must pay funds, but to whom those funds must be paid. No statute gives it the right to appeal a trial court's decision determining who should receive certain OPERS benefits. Thus, OPERS does not have standing to appeal the trial court's decision. Accordingly, this appeal should be dismissed.
 Standing to Appeal {¶ 37} Although the majority has set forth the correct law with regard to the jurisdictional nature of standing to bring an appeal, it nonetheless concludes that OPERS has standing because it was named as a third-party defendant to the underlying action. Opinion at ¶ 12. But this fact does not demonstrate how OPERS's interests have been prejudiced by the judgment of the lower court. The Ohio Supreme Court has clearly held that the fact that an agency is a party to a case "does not of itself confer upon the agency the right of appeal since jurisdiction can not be conferred by consent." Corn v. Board of Liquor Control (1953),160 Ohio St. 9, 17. To hold otherwise would essentially eviscerate the fundamental requirement that the party must be prejudiced in some way by the trial court's decision in order to have standing to appeal that decision.
 {¶ 38} The majority also states that OPERS has standing in this case because the trial court's judgment "requires OPERS to violate clear statutory mandates." Opinion at ¶ 13. But OPERS is not prejudiced by the trial court's order. Even if the trial court is ordering OPERS to take an action contrary to statute, it cannot be held liable for its actions because it would be acting under court order. And any general prejudice that comes from a trial court's decision to order an agency to take an action contrary to law is speculative, at best.
 {¶ 39} Furthermore, the Ohio Supreme Court has repeatedly held that an administrative agency does not have standing to appeal a decision, even when it believes that the decision will force it to do something which is not authorized by statute. See State ex rel. Osborn v. Jackson (1976),46 Ohio St.2d 41; State ex rel. Broadway Petroleum Corp. v. City ofElyria (1969), 18 Ohio St.2d 23; Lake County Budget Commission v. Villageof Willoughby Hills (1967), 9 Ohio St.2d 108; Corn; A. Di Cillo Sonsv. Chester Zoning Bd. of Appeals (1952), 158 Ohio St. 302. An administrative agency does not have the right to appeal to protect the public interest or because it believes the trial court's decision is incorrect; the parties adversely affected by the trial court's decision provide sufficient partisan representation of the public interest. A. DiCillo Sons at 305-306.
 {¶ 40} The majority distinguishes these cases from the present case because they were all appeals from an administrative agency's order while this case is not. But this factual distinction has nothing whatsoever to do with the underlying principle of law that a party cannot appeal a final order unless they are aggrieved by that order. See Ohio ContractCarriers Assn. Osborn, Broadway Petroleum Corp., Lake County BudgetCommission, and Corn are all merely manifestations of this fundamental rule.
 {¶ 41} Finally, both OPERS and the majority rely on Ohio PublicRetirement System v. Coursen, 9th Dist. No. 03CA008310, 2004-Ohio-1229, to argue that OPERS has standing to appeal this decision. But as the majority recognizes, Coursen did not address the issue of standing. Thus, it does not furnish any precedent on this question. See Corn at 19 (Even though Ohio Supreme Court addressed merits of previous appeal rather than dismissing that appeal for a lack of standing, the fact that it remained silent about the standing issue in the prior case meant that case "furnishes no precedent as to the question which is now squarely before us.")
 {¶ 42} Thus, the majority has stated no basis upon which it can hold that OPERS has standing to bring this appeal that has been approved by any other court. It does not have standing merely because it was made a party to the underlying case. Corn. It does not have standing because the trial court's order may require that it take an action contrary to statute. Id.; A.Di Cillo Sons. And the only case it does cite furnishes no precedent on the issue. Corn; Coursen. The Ohio Supreme Court has repeatedly held that a party does not have standing to appeal unless that party is aggrieved by the lower court's opinion. OPERS has not.
 {¶ 43} Although the majority finds that "the outcome" of Coursen
"persuasive as to how the issue of standing should be resolved in the instant manner." Opinion at ¶ 13, Coursen's outcome helps resolve the merits, rather than the jurisdictional issue, of this appeal. The merits of an appellant's argument does not affect our jurisdiction over that appellant's appeal. As an appellate court of limited jurisdiction, we do not have the authority to right every wrong. We cannot ignore fundamental legal rules.
 {¶ 44} In this case, OPERS has essentially provided free counsel to the party injured by the trial court's decision, Joseph's wife at the time of his death. She was also named as a third-party defendant in this case, yet she failed to assert her rights at any stage of these proceedings. She did not oppose Agnes's motion in the trial court and has not filed anything on appeal. The majority overlooks this party's failure to defend her legal rights, and instead concludes that OPERS has standing to appeal based solely on its status as a third-party. The Ohio Supreme Court's caselaw clearly demonstrates that OPERS does not have standing to appeal the trial court's decision. The cases relied upon by the majority to reach its decision to the contrary are either silent as to the issue of standing or distinguished for a reason without a difference. Accordingly, I would dismiss this appeal for lack of jurisdiction.