HANSFORD, Appellant,

v.

PUBLIC EMPLOYEES RETIREMENT SYSTEM et al., Appellees.

[Cite as *Hansford v. Pub. Emps. Retirement Sys.,*
170 Ohio App.3d 603, 2007-Ohio-1242.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–880.

Decided March 20, 2007.

Brenner Law Offices and Todd A. Brenner, for appellant.

Marc Dann, Attorney General, and Laura E. Erebia and Daniel P. Jones, Assistant Attorneys General, for appellees.

---

KLATT, Judge.

{¶ 1} Plaintiff-appellant, Barbara Hansford, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Ohio Public Employees Retirement System ("OPERS") and Public Employees Retirement Board. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} The material facts in this case are undisputed. Appellant married Jean Hansford, a state employee and OPERS member, in 1977. Appellant and Mr. Hansford divorced in 1990 pursuant to a decree of dissolution of marriage. Appellant and Mr. Hansford incorporated into the decree of dissolution a separation agreement. Under the separation agreement, appellant retained survivor rights in Mr. Hansford's OPERS pension should she outlive him. The separation agreement required Mr. Hansford to designate and maintain appellant as the beneficiary of his OPERS pension unless either party remarried.

{¶ 3} Mr. Hansford failed to take the steps necessary to designate appellant as the beneficiary of his OPERS account as required by the decree of dissolution. Mr. Hansford died in January 2002. Prior to his death, neither he nor appellant had remarried. Because Mr. Hansford did not designate a beneficiary, OPERS disbursed Mr. Hansford's survivor benefits to his surviving adult children pursuant to R.C. 145.43.

{¶ 4} Appellant filed a complaint against OPERS, its board, and the estate of Mr. Hansford for declaratory judgment, negligence, violation of due process, breach of contract, unjust enrichment, and constructive trust. Appellant later amended her complaint to add a claim challenging the constitutionality of Chapter 145 of the Revised Code as violative of the separation-of-powers doctrine. Subsequently, appellant dismissed with prejudice her claims against the estate of Mr. Hansford.

{¶ 5} OPERS and its board filed a joint motion for summary judgment on July 1, 2004. Appellant filed a cross-motion for summary judgment on August 20, 2004. In a judgment entry filed August 15, 2006, the trial court granted summary judgment in favor of OPERS and its board and overruled appellant's cross-motion for summary judgment.

{¶ 6} Appellant appeals, assigning the following errors:

1. The trial court erred in granting summary judgment in favor of appellees Public Employees Retirement System of Ohio and Public Employees Retirement Board.

2. The trial court erred in relying on *Ohio Public Employees Retirement System v. Coursen* (Ct.App. 9th Dist.2004), 156 Ohio App.3d 403 [806 N.E.2d 197], and *Cosby v. Cosby* (2002) 96 Ohio St.3d 228, 773 N.E.2d 516.

3. The trial court erred in holding that O.R.C. § 145.43, as applied by OPERS, did not violate the separation of powers doctrine of the United States and Ohio Constitutions.

{¶ 7} Because appellant's three assignments of error are interrelated, we will address them together. Appellant argues that the trial court erred by failing to order OPERS to pay appellant the survivor benefits payable from Mr. Hansford's OPERS account as required by the dissolution decree, even though Mr. Hansford did not designate appellant as the beneficiary in the manner required by R.C. 145.43. In essence, appellant argues that the dissolution decree applies to OPERS and takes precedence over the requirements of R.C. 145.43. We disagree.

{¶ 8} At the outset, we note that OPERS was not a party in the divorce action. Nor was it a party to the separation agreement. Moreover, the decree of dissolution does not order OPERS to pay any benefits. Rather, the decree requires Mr. Hansford to make appellant the beneficiary of his OPERS account for purposes of survivor benefits. Because the decree of dissolution does not order OPERS to pay any benefits, there is no conflict between the decree and R.C. 145.43. Therefore, the conflict appellant attempts to create between the decree of dissolution and R.C. 145.43 is illusory.

{¶ 9} In addition, it is well established that the Ohio retirement systems, as statutorily created entities, have no authority beyond what is conferred to them under their governing statutes. *Dreger v. Pub. Emp. Retirement Sys.* (1987), 34 Ohio St.3d 17, 21, 516 N.E.2d 214; *Erb v. Erb* (1996), 75 Ohio St.3d 18, 22, 661 N.E.2d 175; *Cosby v. Cosby,* 96 Ohio St.3d 228, 232, 2002-Ohio-4170, 773 N.E.2d 516. Therefore, unless its governing statutes grant the authority, OPERS is powerless to perform the act.

{¶ 10} Chapter 145 of the Revised Code creates and governs OPERS. OPERS pays various statutorily mandated benefits to retired members, their surviving spouses, and other qualified individuals. One of the statutorily mandated benefits is a survivor benefit. R.C. 145.45. The right to a survivor benefit arises if the deceased member has designated a beneficiary to receive the benefit. R.C. 145.43 provides:

(B) [S]hould a member die before age and service retirement, the member's accumulated contributions * * * shall be paid to the person or persons the member has designated in writing duly executed on a form provided by the public employees retirement board, signed by the member, and filed with the board prior to the member's death. A member may designate two or more persons as beneficiaries jointly to be paid the accumulated account in a lump sum. The last designation of any beneficiary revokes all previous designations. The member's marriage, divorce, marriage dissolution, legal separation, or withdrawal of account, or the birth of the member's child, or adoption of a child, shall constitute an automatic revocation of the member's previous designation.

* * *

(C) Except as provided in division (C)(1) of section 145.45 of the Revised Code, if a member dies before age and service retirement and is not survived by a designated beneficiary, any beneficiaries shall qualify in the following order of precedence, with all attendant rights and privileges:

(1) Surviving spouse;

(2) Children share and share alike;

(3) A dependent parent of a member, if that parent takes survivor benefits under division (B) of section 145.45 of the Revised Code;

(4) Parents, share and share alike;

(5) Estate.

{¶ 11} Therefore, pursuant to R.C. 145.43, OPERS is authorized to pay survivor benefits only to a properly designated beneficiary or, if none, to the designated persons by automatic succession in the order specified. The statute also sets out a procedure that must be followed in order to designate a beneficiary to OPERS retirement accounts. Mr. Hansford made no attempt to designate appellant, or anyone else, as a beneficiary of his retirement account. Therefore, OPERS was obligated to disburse Mr. Hanford's survivor benefits to his children by automatic succession pursuant to R.C. 145.43(C).

{¶ 12} We recognize that Mr. Hansford agreed to designate appellant as the beneficiary of his OPERS account and to maintain that designation unless either he or appellant remarried. We also recognize that this agreement was incorporated into a decree of dissolution. However, Mr. Hansford never designated appellant as his beneficiary pursuant to R.C. 145.43(B). Specifically, Mr. Hansford did not complete an OPERS "member beneficiary designation form" designating appellant as his beneficiary. Although Mr. Hansford signed the dissolution decree and separation agreement, those actions did not satisfy the requirements outlined in R.C. 145.43(B). Because the statutory requirements

must be strictly followed, OPERS is without authority to pay the survivor benefit to appellant. *Ohio Pub. Emp. Retirement Sys. v. Coursen*, 156 Ohio App.3d 403, 2004-Ohio-1229, 806 N.E.2d 197 (OPERS could not pay survivor benefits to former spouse not properly designated as beneficiary despite dissolution decree requiring the member to designate the former spouse as the beneficiary); *Cosby*, 96 Ohio St.3d 228, 2002-Ohio-4170, 773 N.E.2d 516 (State Teachers Retirement System is created and implemented by statute; therefore, benefits can be paid only as permitted by statute).

{¶ 13} Appellant's attempt to distinguish *Cosby, Erb,* and *Dreger* is unavailing. Appellant argues that none of these cases involved a court order that required the retirement system to pay benefits. However, as previously noted, the decree of dissolution at issue here does not order OPERS to pay any benefits. It required Mr. Hansford to designate appellant as the beneficiary of his OPERS account. Mr. Hansford failed to designate appellant as the beneficiary of his account. Therefore, OPERS had no authority to pay survivor benefits to appellant. *Cosby, Erb, Dreger, Coursen.*

{¶ 14} Appellant's constitutional challenge is also flawed. There is no conflict between the requirements imposed on Mr. Hansford in the decree of dissolution and the principle that OPERS may act only in a manner authorized by its governing statutes. Therefore, separation-of-powers principles are not implicated. Moreover, R.C. 145.43 is presumed to be constitutional, and all reasonable doubts must be resolved in favor of upholding the law. *Hughes v. Ohio Bur. of Motor Vehicles* (1997), 79 Ohio St.3d 305, 307, 681 N.E.2d 430; *State ex rel. Jackman v. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 161, 38 O.O.2d 404, 224 N.E.2d 906. Courts have a duty to liberally construe statutes in order to find them constitutional. *Wilson v. Kennedy* (1949), 151 Ohio St. 485, 492, 39 O.O. 301, 86 N.E.2d 722.

{¶ 15} Lastly, we note that appellant was not without a remedy for Mr. Hansford's violation of the decree of dissolution. Appellant could have enforced her rights in the domestic relations court during Mr. Hansford's lifetime or pursued an action against his estate upon his death. Although appellant initially brought claims against Mr. Hansford's estate, appellant later dismissed those claims with prejudice.

{¶ 16} For the foregoing reasons, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

SADLER, P.J., and PETREE, J., concur.