[Cite as *First Merchants Bank v. Gower*, 2012-Ohio-833.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## DARKE   COUNTY

FIRST MERCHANTS BANK      :
                          :        Appellate Case No. 2011-CA-11
    Plaintiff-Appellee       :
                          :        Trial Court Case No. 08-CV-64750
v.                        :
                          :
JERRY A. GOWER, et al.    :        (Civil Appeal from
                          :         Common Pleas Court)
    Defendant-Appellant      :                                    :

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of March, 2012.

. . . . . . . . . .

JAMES DETLING, Atty. Reg. #0042728, Hanes, Schipfer, Cooper, Graber, Gullozet & Detline, Ltd., 597 South Broadway, Greenville, Ohio 45331
and
RICHARD G. MURRAY, II, Atty. Reg. #0072955, MICHAEL N. SCHAEFFER, Atty. Reg. # 0072955, and SCOTT N. SCHAEFFER, Atty. Reg. #0020480, Kemp, Schaeffer & Rowe, Co., L.P.A., 88 West Mound Street, Columbus, Ohio 43215
    Attorneys for Plaintiff-Appellee, First Merchants Bank

MICHAEL SCHULER, Atty. Reg. #0082390, Office of the Ohio Attorney General, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215
    Attorney    for    Defendant-Appellant,    Ohio    Attorney    General

R. KELLY ORMSBY, Atty. Reg. #0020615, 504 South Broadway, Greenville, Ohio 45331
    Attorney for Defendant-Appellee, Darke County Treasurer

CHARLES NOE, Atty. Reg. #0001757, 810 Sycamore Street, 4th Floor, Cincinnati, Ohio 45202

Attorney for Defendant-Appellee, PHI Financial / H&R Accounts
ROGER LURING, Atty. Reg. #0010834, 314 West Main Street, Troy, Ohio 45373
Attorney for Defendant-Appellee, Jerry A. Gower

THE ANSONIA LUMBER COMPANY, 300 South Main Street, Ansonia, Ohio 45303
Defendant-Appellee, *pro se*

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}   In this unusual appeal, a trial court in a foreclosure action in which an order of sale had been entered and a sale was pending: (1) decided sua sponte to raise a constitutional issue concerning one part of the foreclosure sale statute – R.C. 2329.191(B) – that none of the parties had challenged; (2) directed the Ohio Attorney General to brief the issue of the constitutionality of the statute; (3) entered an order confirming the sale of the property and ordering the distribution of the sale proceeds; and (4) thereafter entered a "Decision and Judgment Entry" holding the statute unconstitutional and ordering the costs of the title reports provided pursuant to the statute not to be taxed as costs.

{¶ 2}   Appellants the State of Ohio and Attorney General Michael DeWine appeal from the trial court's "Decision and Judgment Entry."   The State contends that the trial court improperly considered the constitutionality of the statute, because none of the parties to the underlying action raised the issue of the statute's constitutionality, so that the determination of the statute's constitutionality was not necessary to the determination of any of the issues made out in the pleadings.

{¶ 3}  We conclude that the record demonstrates no necessity for the determination of whether the statute is unconstitutional.  Therefore, we find that the trial court erred in making that determination.  Accordingly, the April 19, 2011 Decision and

Judgment Entry determining the constitutionality of R.C. 2329.191 pertaining to judicial reports is Reversed and Vacated.

I

{¶ 4} This case began as a foreclosure action filed in the Darke County Common Pleas Court when plaintiff, First Merchants Bank, filed suit against defendant, Jerry Gower, seeking a money judgment, repossession of collateral, foreclosure, and the marshaling of liens. All appropriate parties with an interest in the property were joined and answers were filed. In March 2009, First Merchants Bank filed a motion for summary judgment, to which Gower did not respond. A judgment and decree in foreclosure was entered in June 2009. The judgment contained language that it was a final appealable order.

{¶ 5} A praecipe for Sheriff's sale and for a land appraisal were submitted. Thereafter, Gower filed a notice of bankruptcy, and the matter was stayed until July 2010, when the bankruptcy action was dismissed. That month, an order of sale was entered. Preliminary and final judicial reports were filed pursuant to R.C. 2329.191.

{¶ 6} On July 20, 2010, the Common Pleas Court entered an order, sua sponte, requiring briefing on the issue of whether R.C. 2329.191 is constitutional. Notice was sent to the Office of the Ohio Attorney General. First Merchants Bank filed a notice that it did not intend to submit a brief on the constitutionality issue. Gower filed no response to the briefing order. The Attorney General's Office filed a brief in which it contended that the trial court should not consider the constitutionality of the questioned statute under the "constitutional avoidance doctrine."

{¶ 7}   The sale of the property was completed, and on September 13, 2010, a Judgment Entry of Confirmation and Order of Distribution was entered.

{¶ 8}   On April 19, 2011, the trial court entered a Decision and Judgment Entry determining that R.C. 2329.191 is unconstitutional because it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Separation of Powers doctrine inherent in the Ohio Constitution.

{¶ 9}   In May 2011, the Ohio Attorney General filed a motion to intervene as a party, which the trial court granted.  Thereafter, the Attorney General filed an appeal of the April 19, 2011 decision.

II

{¶ 10}  The State's First Assignment of Error is as follows:

{¶ 11}   "THE TRIAL COURT ERRED BY *SUA SPONTE* RAISING A CONSTITUTIONAL CHALLENGE TO R.C. 2329.191(b) WHEN IT WAS NOT ABSOLUTELY NECESSARY TO DECIDE THE CONSTITUTIONAL QUESTION."

{¶ 12}   The Ohio Attorney General contends that the trial court should not have considered the issue of the constitutionality of R.C. 2329.191, because it was not necessary to do so in order to resolve the issues made up by the parties in this foreclosure action, none of whom challenged the constitutionality of R.C. 2329.191.

{¶ 13}   R.C. 2329.191(B) provides that during foreclosure actions, the party seeking the judicial sale of a real estate parcel shall file a preliminary judicial report "that is prepared and issued by a duly licensed title insurance agent on behalf of a licensed title

insurance company or by a title insurance company that is authorized by the department of insurance to transact business in this state." Such reports set forth the legal description of the property to be sold as well as a list of the property owners and any lienholders.

{¶ 14} The trial court held that this statute violates the Separation of Powers doctrine because it conflicts with Darke County Local Rule 11C, which permits such reports to be prepared and issued by any licensed attorney – not just title insurance agents and companies. The trial court further found that by excluding attorneys from preparing these judicial reports, the General Assembly violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as well as the Equal Protection Clause contained in Article I, Section 2, of the Ohio Constitution.

{¶ 15} As noted above, none of the parties to this action challenged the constitutionality of R.C. 2329.191(B). First Merchants Bank declined the trial court's request, in its Scheduling Order of July 20, 2010, that the Bank brief the issue of the constitutionality of the statute, and no other party responded (besides the Ohio Attorney General, who was not then a party). The matter was raised solely by the trial court and was not decided until after the underlying foreclosure action was complete.

{¶ 16} The constitutional-avoidance doctrine is often articulated in the context of cases where, even though a party may have raised a constitutional issue, resolution of that constitutional issue is not necessary to determine the action. E.g., " '[A]ll legislative enactments enjoy a presumption of constitutionality,' and 'the courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional.' " *State ex rel. Purdy v. Clermont Cty. Bd. of Elections*,

77 Ohio St.3d 338, 345, 1997-Ohio-278, 673 N.E.2d 1351, quoting *State v. Dorso*, 4 Ohio St.3d 60, 61, 446 N.E.2d 449 (1983). Moreover, "courts have an obligation to liberally construe statutes to avoid constitutional infirmities." *Willoughby v. Taylor,* 180 Ohio App.3d 606, 2009-Ohio-183, 906 N.E.2d 511, ¶ 17 (11th Dist.)

{¶ 17}     " 'Ohio law abounds with precedent to the effect that constitutional issues should not be decided unless absolutely necessary.' " *Ohioans for Fair Representation, Inc. v. Taft*, 67 Ohio St.3d 180, 183, 1993-Ohio-218, 616 N.E.2d 905, quoting *Hall China Co. v. Pub. Util. Comm.*, 50 Ohio St.2d 206, 210, 364 N.E.2d 852 (1977).

{¶ 18}     Another aspect of the doctrine of the avoidance of constitutional issues is that courts should not raise constitutional issues sua sponte. As noted by the State, this case is similar to *Ohio Pub. Emp. Retirement. Sys. v. Coursen*, 156 Ohio App.3d 403, 2004-Ohio-1229, 806 N.E.2d 197 (9th Dist.), wherein the trial court, *sua sponte*, declared unconstitutional portions of R.C. Chapter 45. The court of appeals reversed, noting that there was no reason for the trial court "to delve into the issue of the constitutionality of various sections of R.C. Chapter 145," which neither party had raised. Id., at ¶ 6.

{¶ 19}     As Judge Whitmore wrote in her concurring opinion in *Oak Park Mgt. Corp. v. Via*, 9th Dist. Wayne No. 07CA0022, 2008-Ohio-2493, ¶ 13, "Without the defendant-tenant raising a constitutional challenge to the notice procedures set forth in R.C. 1923, et seq., the trial court had no cause to sua sponte raise such a due process argument on the defendant-tenant's behalf."

{¶ 20}     Essentially, the trial court, sua sponte, inserted a declaratory judgment action challenging the constitutionality of R.C. 2329.191(B) into this foreclosure action.

"Under Ohio law, three elements are necessary to obtain a declaratory judgment as an alternative to other remedies: (1) that a real controversy between adverse parties exists; (2) which is justiciable in character; and (3) that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost." *Quality Care Transport v. Ohio Dept. of Job & Family Servs.*, 2nd Dist. Clark Nos. 2009 CA 113, 2009 CA 121, 2010-Ohio 4763, ¶ 16, citing *Fairview Gen. Hosp. v. Fletcher*, 63 Ohio St.3d 146, 586 N.E.2d 80 (1992). In the foreclosure action before us, there was no controversy between the parties concerning the constitutionality of R.C. 2329.191(B).

{¶ 21}    "Although broad in scope, the declaratory judgment statutes are not without limitation. Most significantly, in keeping with the long-standing rule that a court does not render advisory opinions, they allow the filing of a declaratory judgment only to decide 'an actual controversy, the resolution of which will confer certain rights or status upon the litigants.' " *Quality Care Transport*, ¶ 17, quoting *Mid-American Fire and Cas. Co.*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9.

{¶ 22}    Nothing in this record convinces us that it was necessary for the trial court to consider the constitutionality of the statute. Accordingly we conclude that the trial court erred in that regard. The State's First Assignment of Error is sustained.

III

{¶ 23}    The State's Second Assignment of Error is as follows:

{¶ 24}    "THE TRIAL COURT ERRED IN HOLDING THAT R.C. 2329.191(B) IS UNCONSTITUTIONAL."

**{¶ 25}** In view of our disposition of the State's First Assignment of Error, we find it unnecessary to resolve its Second Assignment of Error. And just as the trial court should have avoided passing upon a constitutional question unnecessarily, we shall avoid doing so.

IV

**{¶ 26}** The State's First Assignment of Error having been sustained, the trial court's Decision and Judgment Entry of April 19, 2011, determining the constitutionality of R.C. 2329.191, pertaining to judicial reports, is Reversed and Vacated.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

James Detling
Richard Murray, II
Michael N. Schaeffer
Scott N. Schaeffer
Michael J. Schuler
R. Kelly Ormsby
Charles Noe
Roger Luring
The Ansonia Lumber Company
Hon. Jonathan P. Hein