[Cite as *Cleveland v. Williams*, 2018-Ohio-2937.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 106454

**CITY OF CLEVELAND**

PLAINTIFF-APPELLANT

vs.

**RONNIE WILLIAMS**

DEFENDANT-APPELLEE

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2017 CRB 015467

**BEFORE:** Celebrezze, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 26, 2018

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
City of Cleveland
Director of Law
By:     Omar Siddiq
            Jennifer M. Kinsley
Assistant City Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

James L. Hardiman
3615 Superior Avenue, Suite 3101-D
Cleveland, Ohio 44114


**AMICI CURIAE**

**Attorneys For State of Ohio**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:     Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**Attorney for NAACP**

Donald C. Williams
Donald C. Williams & Associates, L.P.A.
55 Public Square, Suite 2100
Cleveland, Ohio 44113

**Attorneys For Cuyahoga County Public Defender**

Mark Stanton
Cuyahoga County Public Defender
By:     John T. Martin

Ashley E. Loyke
Assistant Public Defenders
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Plaintiff-appellant, the city of Cleveland ("city"), filed this discretionary appeal from a judgment of the Cleveland Municipal Court, for which leave was granted pursuant to R.C. 2945.67(A). The city sought to appeal the trial court's determination that Greater Cleveland Regional Transit Authority's ("RTA") fare enforcement policy is unconstitutional. After a thorough review of the record and law, this court dismisses the city's appeal.

## I. Factual and Procedural History

{¶2} The instant appeal pertains to RTA's fare enforcement policy and the constitutionality thereof.

{¶3} On July 13, 2017, RTA police officer Michael Lewis boarded an RTA coach bus and conducted an inspection of the fare cards of the passengers that were on board. At the time that Officer Lewis boarded the bus, defendant-appellee, Ronnie Williams, had already boarded the bus and was seated with the other passengers. When Officer Lewis approached Williams, Williams indicated that he did not have a fare card. Officer Lewis ultimately requested that Williams step off the bus and issued him a citation for fare evasion, a fourth-degree misdemeanor in violation of Cleveland Codified Ordinances 605.11(a), misconduct involving a public transportation system. Williams was arraigned on July 27, 2017. He pled not guilty to the misconduct charge.

{¶4} Williams elected to act pro se for purposes of trial. A bench trial commenced on August 9, 2017. At the close of the bench trial, the trial court opined that the absence of a fare card was insufficient proof of evasion of fare. The trial court indicated that it would take the matter under advisement, and encouraged the parties to brief the issue. Furthermore, the trial court requested the public defender's office to file an amicus brief representing Williams's

interests.

{¶5} The city filed its brief on August 31, 2017. The public defender's office filed an amicus brief on September 8, 2017.

{¶6} On October 27, 2017, the trial court issued a judgment entry in which it found Williams not guilty of fare evasion. The trial court's judgment entry referenced an opinion that was attached thereto. In the opinion, dated October 26, 2017, the trial court determined that RTA's fare enforcement policy was unconstitutional. The trial court concluded, in relevant part,

> RTA's fare enforcement policy is unconstitutional. It encourages law enforcement officers to perform investigatory stops of passengers without possessing reasonable, articulable facts that passengers have committed the criminal offense of fare evasion under C.C.O. § 605.11(a). RTA police officers are decorated with the color of law, and therefore, prohibited from such conduct under the Fourth Amendment. RTA's fare enforcement policy encourages arbitrary and abusive police practices.

{¶7} The city filed the instant appeal and a motion for leave to appeal from the Cleveland Municipal Court's judgment on November 3, 2017. On November 15, 2017, this court, pursuant to R.C. 2945.67(A), permitted the city to appeal the trial court's substantive ruling of law — that the city had not proven its case because RTA's procedure of checking whether customers paid a fare violated the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution. This court clarified, however, that the Double Jeopardy Clause precluded the city from seeking to reverse the trial court's verdict finding Williams not guilty of fare evasion.

{¶8} The city and Williams provided consent to the National Association for the Advancement of Colored People ("NAACP") to file an amicus brief in support of Williams. The state of Ohio filed a motion for leave to file a delayed amicus curiae brief in support of the

city, which this court granted on April 24, 2018. The state filed an amicus brief on May 7, 2018.

{¶9} The city assigns one error for review:

I. Because it is a consensual encounter, the method of fare enforcement currently employed by Greater Cleveland Regional Transit Authority does not violate the Fourth Amendment protection against unreasonable search and seizure.

## II. Law and Analysis

{¶10} As an initial matter, we note that the city is not appealing the trial court's verdict finding Williams not guilty of fare evasion. Rather, the city is appealing the trial court's substantive legal ruling that RTA's fare enforcement policy is unconstitutional.

{¶11} Section 3(B)(2), Article IV of the Ohio Constitution establishes that courts of appeals "shall have such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the courts of appeals within the district." (Emphasis added.) The Ohio Supreme Court has interpreted this constitutional provision to mean that "'the state has no absolute right of appeal in a criminal matter unless specifically granted such right by statute.'" *State ex rel. Steffen v. Judges of the Court of Appeals for the First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 18, quoting *State v. Fisher*, 35 Ohio St.3d 22, 24, 517 N.E.2d 911 (1988).

> The state's right to appeal in criminal cases is governed by R.C. 2945.67(A), which provides:
>
> "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *."

*Steffen* at ¶ 19-20, quoting R.C. 2945.67(A). Accordingly, this court has discretionary authority pursuant to R.C. 2945.67(A) to review the trial court's substantive law ruling made in the city's prosecution for fare evasion that resulted in a judgment of acquittal so long as the judgment itself is not appealed. *See State v. Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990), syllabus.

{¶12} Generally, this court does not address constitutional issues unless it is absolutely necessary to do so. "'Ohio law abounds with precedent to the effect that constitutional issues should not be decided unless absolutely necessary.'" *Ohioans for Fair Representation, Inc. v. Taft*, 67 Ohio St.3d 180, 183, 616 N.E.2d 905 (1993), quoting *Hall China Co. v. Pub. Utils. Comm.*, 50 Ohio St.2d 206, 210, 364 N.E.2d 852 (1977).

{¶13} "Constitutional questions will not be decided until the necessity for a decision arises on the record before the court." *State ex rel. Herbert v. Ferguson*, 142 Ohio St. 496, 52 N.E.2d 980 (1944), paragraph two of the syllabus. *Accord Fulton v. Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 104561, 2017-Ohio-971, ¶ 10.

> Although the doctrine of constitutional avoidance tends to apply most often in the context of appeals, the doctrine applies equally to the trial courts. *See, e.g., Risner v. Ohio Dept. of Natural Resources*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 29 (noting that trial court properly avoided reaching constitutional issue when it decided [the] matter based on statutory-interpretation principles).

*Fulton* at ¶ *id.*

{¶14} Accordingly, assuming, arguendo, that the constitutional issue in this case is capable of repetition, this court is not obligated under R.C. 2945.67(A) to review the trial court's substantive law ruling. Rather, the statute provides this court with discretionary authority to do so. *In re M.M.*, 8th Dist. Cuyahoga No. 96776, 2011-Ohio-6758, ¶ 6, citing *State v. Empe*, 8th Dist. Cuyahoga No. 90333, 2008-Ohio-3803, ¶ 4, and *Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d

644.

{¶15} As an initial matter, we must note that the trial court's judgment in this case is confusing. The trial court issued two conflicting judgment entries in disposing of the case. First, in an October 27, 2017 judgment entry,[1] the trial court found Williams not guilty of fare evasion. The judgment entry's "notes" section provides, "opinion attached," presumably referencing a second judgment entry, dated October 26, 2017, in which the court addressed the Fourth Amendment issue.

{¶16} In the October 26, 2017 judgment entry addressing the Fourth Amendment issue, the trial court concluded that RTA's fare enforcement policy is unconstitutional, and as a result, dismissed the fare evasion charge against Williams. The trial court did not indicate whether the dismissal was with or without prejudice. The trial court went on to conclude that "[s]ince the initial stop of [Williams] was unconstitutional, the case is dismissed, and the issue of fare evasion is moot."

{¶17} After reviewing the record, we cannot say that it was absolutely necessary for the trial court to delve into the issue of the constitutionality of RTA's fare enforcement policy. Although the trial court's judgment was confusing, the court's October 27, 2017 judgment entry, finding Williams not guilty of fare evasion, reflects that the trial court disposed of the city's prosecution on the merits. Furthermore, the Fourth Amendment issue based upon which the trial court concluded that RTA's fare enforcement policy was unconstitutional is underdeveloped in the record before this court.

{¶18} The trial court raised the Fourth Amendment issue sua sponte in its October 26,

---

[1] The "event date" of the judgment entry is October 27, 2017. The judgment entry was received by the clerk's office for journalization on October 30, 2017.

2017 judgment entry. The issue was not raised or addressed by the parties during trial. At the close of the bench trial, the trial court encouraged the parties to submit briefing on the issue of whether "[t]he mere absence of showing proof of fare is * * * not sufficient for proof of [fare] evasion[.]" (Tr. 12.) The trial court did not, however, request briefing on the Fourth Amendment issue.

{¶19} The only evidence in the record before this court regarding the Fourth Amendment issue, RTA's fare enforcement policy, or the constitutionality of the fare enforcement policy is RTA's "Police Department Policy & Procedures" that the city attached as exhibit No. 7 to its post-trial brief. During oral arguments, the parties discussed the differences between RTA's HealthLine, Red, Green, and Blue Lines, and the policies for paying fares on these lines. During trial, Officer Lewis briefly described the policy for fare payment on the HealthLine. (Tr. 7.) However, he did not address the fare payment policies for RTA's other lines, and this information is not in the record before this court.

{¶20} During oral arguments, the parties disputed (1) whether Williams was asked to step off of the bus and issued a citation for fare evasion, suggesting that the encounter between Officer Lewis and Williams was consensual, or (2) whether Officer Lewis removed Williams from the bus and "detained" him, implicating the Fourth Amendment. Officer Lewis testified at trial that when Williams indicated he did not have a valid fare card, he "pulled [Williams] off the coach[.]" (Tr. 8.) Williams also testified that he was "pulled off the bus" by Officer Lewis. (Tr. 11.) Other than Officer Lewis's testimony about his encounter with Williams on July 13, 2017, there was no testimony presented during trial regarding the fare enforcement policy or the constitutionality of the policy.

{¶21} Officer Lewis testified that on the HealthLine, passengers usually purchase a pass

prior to boarding. (Tr. 7.) Williams testified that he did not have a fare card on the day in question because the machine was not working. (Tr. 12.) He asserted that he paid a one-way fare in cash at the time he boarded the HealthLine. (Tr. 12.)

**{¶22}** Other than Williams's assertion that the machine was not working properly, there is no evidence in the record about the machine from which Williams purportedly attempted to purchase a fare card. Section (IV)(C)(f) of RTA's "Police Department Policy & Procedures," governing fare enforcement, provides in pertinent part that "[i[f the passenger states that a Ticket Vending Machine (TVM) is not functioning properly, the [Fare Enforcement Officer] or Transit Police Officer should contact Transit Police Dispatch and attempt to verify this information." This policy was not addressed during trial, and we are unable to determine whether the officer complied with the policy during the encounter with Williams.

**{¶23}** Another aspect of the constitutional-avoidance doctrine is that courts should not raise constitutional issues sua sponte. *First Merchants Bank v. Gower*, 2d Dist. Darke No. 2011-CA-11, 2012-Ohio-833, ¶ 18. In *Ohio Pub. Emps. Retirement Sys. v. Coursen*, 156 Ohio App.3d 403, 2004-Ohio-1229, 806 N.E.2d 197 (9th Dist.), a case involving payment of survivor benefits, the trial court, sua sponte, declared portions of R.C. Chapter 145 unconstitutional. On appeal, the Ninth District reversed the trial court's judgment, explaining that there was no reason for the trial court "to delve into the issue of the constitutionality of various sections of R.C. Chapter [145]," particularly because the constitutional issue had not been raised by either party. *Id*. at ¶ 6.

**{¶24}** In this case, the record reflects that the trial court raised the Fourth Amendment issue — an issue that was personal to Williams — sua sponte. The trial court essentially stepped into the shoes of Williams and/or defense counsel and raised the Fourth Amendment

issue on Williams's behalf. Like *Coursen*, the constitutional issue had not been raised by the city or Williams, and we cannot say that there was a reason or that it was necessary, much less absolutely necessary, for the trial court to delve into the issue of the constitutionality of RTA's fare enforcement policy or raise the issue on Williams's behalf.

{¶25} In light of the fact that it was not absolutely necessary for the trial court to raise the Fourth Amendment issue, and based on the minimal facts and evidence in the record regarding the Fourth Amendment issue and RTA's fare enforcement policy, we decline to exercise our discretionary authority to review the trial court's substantive legal ruling in this case. Although this court previously granted the city leave to appeal the trial court's judgment, upon further review of the entire record before this court and the arguments presented during oral arguments, we must reconsider our decision and find that the city was improvidently granted leave to appeal.

{¶26} Accordingly, the appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR