[Cite as *State ex rel. Gill v. School Emps. Retirement Sys. of Ohio*, 121 Ohio St.3d 567, 2009-Ohio-1358.]

THE STATE EX REL. GILL, APPELLEE, *v.* SCHOOL EMPLOYEES
RETIREMENT SYSTEM OF OHIO, APPELLANT, ET AL.

**[Cite as *State ex rel. Gill v. School Emps. Retirement Sys. of Ohio*,**

**121 Ohio St.3d 567, 2009-Ohio-1358.]**

*Public employees — Disability-retirement benefits — R.C. 145.35(E) — Grant of*
*disability-retirement benefit by Public Employees Retirement System is*
*final — Member of two separate public-employee retirement systems who*
*applies for and receives disability-retirement benefits solely from PERS*
*may not later apply for combined disability-retirement benefits from PERS*
*and second retirement system.*

(No. 2008-1211 ─ Submitted February 3, 2009 ─ Decided March 31, 2009.)

APPEAL from the Court of Appeals for Franklin County,

No. 07AP-286, 2008-Ohio-2302.

_____

**Per Curiam.**

**{¶ 1}** This is an appeal from a judgment granting a writ of mandamus to compel appellant, the School Employees Retirement System ("SERS"), to render a final decision on the merits of an appeal by appellee, William J. Gill Jr., from the retirement system's initial denial of his application for combined disability-retirement benefits. We reverse the judgment of the court of appeals and deny the writ because SERS did not abuse its discretion in declining to decide the merits of an applicant's appeal when the applicant has applied for and is receiving independent disability-retirement benefits from another retirement system.

**Gill's Initial Application for Combined Disability-Retirement Benefits**

**{¶ 2}** Gill is a member of both the Public Employees Retirement System ("PERS") and SERS. His membership in PERS began in 1988 when he was

employed by the city of Cleveland and later by Cuyahoga County; his membership in SERS began when he was employed as a high school coach in 1999.

{¶ 3} In March 2003, Gill was injured when he lifted a heavy condenser pump while in the course of his employment with Cuyahoga County. He experienced excruciating pain in his low back and right leg and has not worked since.

{¶ 4} In July 2004, Gill applied for combined disability-retirement benefits with PERS. He specified in his application that he wanted to combine his PERS account with his SERS account. The county's fiscal officer certified April 4, 2003, as the final day for which he was paid by the county. PERS then notified Gill that because his most recent public employment was covered by SERS, he was required to file his application for combined benefits with SERS rather than PERS.

**Filing and Initial Denial of Second Application**

{¶ 5} Gill followed PERS's instructions and filed a disability-retirement application with SERS. He listed May 31, 2003, as his last day of paid service for his job as a high school coach. The school district's treasurer also certified May 2003 as Gill's last date of SERS service.

{¶ 6} In January 2005, the SERS retirement board denied Gill's application for combined disability-retirement benefits. Gill appealed.

**Application for PERS Disability-Retirement Benefits**

{¶ 7} A month after SERS's denial of his application, Gill informed PERS that it was mistaken in concluding that his last date of service was with SERS and that he was therefore entitled to have his 2004 PERS application processed immediately. PERS again informed Gill that his most recent service was with SERS, and his PERS application for combined disability-retirement benefits could be processed only if SERS first approved his application. PERS

also notified Gill that in lieu of applying for combined benefits, he could apply for disability-retirement benefits on an independent basis, i.e., solely for his 21.105 years of PERS service credit, without regard to his four years of SERS credit.

{¶ 8} Gill filed a third application, this time for independent disability-retirement benefits with PERS, while his appeal from the initial denial of his application for combined disability-retirement benefits was still pending before SERS. This application contained the following preprinted language:

{¶ 9} "If you have membership with SERS and/or STRS, this credit may be used in the calculation of your OPERS benefit or you may elect to retire on an independent basis using only OPERS service and salary. Make your choice below."

{¶ 10} Gill checked the box below this language next to the sentence "**NO, DO NOT combine my SERS and/or STRS account with my OPERS account.**" (Boldface sic.)

{¶ 11} In June 2005, PERS approved Gill's independent application for disability-retirement benefits.

### Appeal of SERS's Denial of Combined Disability-Retirement Benefits

{¶ 12} Gill appeared with his attorney before the SERS retirement board and informed it that PERS had approved his application for independent disability-retirement benefits without regard to his SERS service. Later he notified SERS that he disputed the earlier determinations that his last covered service was with SERS rather than with PERS. Gill claimed that his last date of service was actually with the county, so that PERS should determine his application for combined disability-retirement benefits.

{¶ 13} PERS declined Gill's request for recalculation of his disability-retirement benefits based upon his combined service with PERS and SERS, stating again that any new determination was dependent upon SERS's action.

{¶ 14} Gill then requested that SERS decide his appeal from its denial of his application for combined benefits and that SERS recertify Gill's final date of service so that PERS could assume control over his application. SERS rejected Gill's requests. It reasoned that when Gill was granted independent disability from PERS, he was no longer eligible to seek combined disability-retirement benefits. Moreover, SERS's determination of the last date of service was supported by the treasurer's certification and Gill's own application for benefits.

### Mandamus Case

{¶ 15} Gill subsequently filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel SERS to grant his application for combined disability-retirement benefits, recertify the last date of covered SERS service as March 31, 2003, transmit the recertification to PERS, and transfer all of his SERS funds to PERS. Gill also sought to compel PERS to accept the SERS recertification and transfer of funds and to administer his combined PERS/SERS disability-retirement benefits.

{¶ 16} In May 2008, the court of appeals, in a two-to-one decision, granted a writ of mandamus to compel SERS to render a final decision on Gill's appeal.

{¶ 17} This cause is now before us upon SERS's appeal as of right.

### Mandamus - General Standard

{¶ 18} The court of appeals granted a writ of mandamus to compel SERS to decide Gill's appeal of its initial denial of his application for combined disability-retirement benefits. To be entitled to the writ, Gill was required to establish a clear legal right to a decision on the merits of his appeal, a corresponding clear legal duty on the part of SERS to issue a merits decision, and the lack of an adequate remedy in the ordinary course of the law.

{¶ 19} For the requirements of clear legal duty and clear legal right, " 'mandamus is available to correct any abuse of discretion by SERS.' " *State ex*

4

*rel. VanCleave v. School Emps. Retirement Sys.*, 120 Ohio St.3d 261, 2008-Ohio-5377, 898 N.E.2d 33, ¶ 22, quoting *State ex rel. Stiles v. School Emps. Retirement Sys.*, 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 13. "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." Id. Therefore, we must determine whether the SERS decision not to address the merits of Gill's appeal from the denial of his application for combined disability-retirement benefits under SERS and PERS was unreasonable, arbitrary, or unconscionable.

### The Pertinent Statutes

**{¶ 20}** "The Public School Employees Retirement System was established for the purpose of providing retirement allowances and other benefits to public school employees other than teachers." *State ex rel. McMaster v. School Emps. Retirement Sys.* (1994), 69 Ohio St.3d 130, 133, 630 N.E.2d 701, citing 1 Baker & Carey, Ohio School Law (1993) 399, Section 8.25. Similarly, PERS was created to provide retirement allowances and other benefits to certain state and local public employees. See R.C. Chapter 145.

**{¶ 21}** Under the pertinent statutes, SERS and PERS provide independent disability coverage to each member who has at least five years of total service credit. See R.C. 3309.39(A) ("The school employees retirement system shall provide disability coverage to each member who has at least five years of total service credit") and 145.35(B) ("The public employees retirement system shall provide disability coverage to each member who has at least five years of total service credit").

**{¶ 22}** In lieu of seeking independent disability-retirement benefits solely from SERS, PERS, or the State Teachers Retirement System ("STRS"), members of more than one of these public-employee retirement systems may choose a combined disability-retirement benefit. "At the option of a member, or of a beneficiary, total contributions and service credit in the public employees

retirement system and the school employees retirement system and STRS must be used in determining the eligibility and total allowance for the purpose of service retirement and a disability benefit." Hastings, Manoloff, Sheeran, Stype & Jaffe, Ohio School Law (2007) 283, Section 11:20. Thus, service credit earned in these retirement systems "may be combined in order to determine eligibility for retirement and to compute benefits." Id. at 362, Section 14:15. See R.C. 145.37(B) (PERS), R.C. 3307.57(B) (STRS), and 3309.35(B) (SERS), which contain comparable provisions concerning combining disability-retirement benefits under two or more of these three retirement systems.

**Election of Independent or Combined Disability-Retirement Benefits**

**{¶ 23}** SERS determined that once Gill began receiving disability-retirement benefits based solely on his PERS membership, SERS lacked authority to act on the merits of his pending appeal from the initial denial of the combined-benefits application based on his service in both PERS and SERS.

**{¶ 24}** Neither R.C. 145.37 nor 3309.35 specifies when a member of more than one of the specified retirement systems must choose between independent and combined benefits. Nor do the statutes expressly authorize a member who is already receiving benefits under one system to rescind that benefit choice and receive a combined benefit in its place.

**{¶ 25}** For the following reasons, SERS did not abuse its discretion in determining that once PERS approved and began disbursing an independent PERS benefit to Gill without regard to his SERS service, SERS lacked authority to modify the retirement award by acting on Gill's application for combined benefits under both systems.

**{¶ 26}** First, as statutorily created entities, SERS, which was established by R.C. 3309.03, and PERS, which was established by R.C. 145.03(A), can pay benefits only as expressly authorized by statute. See, e.g., *Cosby v. Cosby*, 96 Ohio St.3d 228, 2002-Ohio-4170, 773 N.E.2d 516, ¶ 15, 19; *Dreger v. Pub. Emps.*

*Retirement Sys.* (1987), 34 Ohio St.3d 17, 20-21, 516 N.E.2d 214; *Hansford v. Pub. Emps. Retirement Sys.*, 170 Ohio App.3d 603, 2007-Ohio-1242, 868 N.E.2d 708, ¶ 12; *Ohio Pub. Emps. Retirement Sys. v. Coursen*, 156 Ohio App.3d 403, 2004-Ohio-1229, 806 N.E.2d 197, ¶ 7. Neither of the pertinent statutes expressly authorizes SERS or PERS to consider the merits of an application for combined disability-retirement benefits when a member has already repudiated the combined-benefits option by requesting and receiving independent benefits from one of the retirement systems.

{¶ 27} Second, R.C. 145.35(E) provides that the action by PERS granting Gill a disability-retirement benefit "shall be final." By Gill's own request, that benefit was not combined with his SERS service time. The General Assembly has not provided any mechanism for either PERS or SERS to modify a final decision by later considering an application for combined disability-retirement benefits. When the General Assembly has intended to permit a modification of benefits after they have been approved and received, it has so provided. See, e.g., R.C. 145.37(B)(2) and 3309.35(C) (subjecting former PERS and SERS members receiving combined disability-retirement benefits to recovery by the state of any overpayments if the member is reemployed in a state retirement system that participated in the combined benefit), 3309.46(C) (SERS member can change election of service-retirement benefit plan until first payment of retirement allowance), 3309.46(E) (specifying circumstances under which retirement plan may be changed after payments have been received), and 4123.52 (conferring continuing jurisdiction on Industrial Commission to make certain modifications or changes in findings and orders regarding benefits). The General Assembly has not done so here.

{¶ 28} Third, insofar as the statutes are silent on this issue, we must accord SERS the deference to which it is entitled in interpreting the pertinent legislation. *State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys.*, 114

Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 23. "A court must give due deference to the agency's reasonable interpretation of the legislative scheme." *Northwestern Ohio Bldg. & Constr. Trades Council v. Conrad* (2001), 92 Ohio St.3d 282, 287, 750 N.E.2d 130.

{¶ 29} SERS reasonably interpreted the relevant statutes as precluding it from acting on Gill's application for combined disability-retirement benefits after he had applied for and received independent disability-retirement benefits from PERS. The court of appeals erred in determining that PERS had agreed to administer Gill's combined benefits if SERS first approved, notwithstanding his receipt of independent PERS benefits. In fact, a thorough reading of the PERS letter relied on by Gill and cited by the court of appeals reveals the contrary. PERS had *rejected* Gill's requests and stated it *would defer to SERS* to make the transfer and certification of funds to PERS. PERS stated that this determination was "subject to SERS processing, review and determination of eligibility" and that "contact with SERS indicates that statutory limitations may prohibit * * * the transfer of [Gill's] account funds" from SERS to PERS. Furthermore, in its merit brief in the court of appeals, PERS noted that Gill himself caused the problems by filing another disability-retirement application with PERS in which he explicitly rejected the receipt of combined benefits even while his combined-disability application with SERS was still unresolved.

{¶ 30} Finally, Gill effectively waived his right to pursue combined disability-retirement benefits under both PERS and SERS when he opted to seek disability-retirement benefits solely from PERS without regard to his SERS service time. "Waiver is a voluntary relinquishment of a known right and is generally applicable to all personal rights and privileges, whether contractual, statutory, or constitutional." *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, 861 N.E.2d 109, ¶ 49. PERS had notified Gill that if he applied for disability-retirement benefits from PERS on an independent

8

basis, his SERS credit would not be included, and Gill specifically applied for independent benefits from PERS with that knowledge. By seeking and obtaining PERS approval of his independent application and ultimately receiving those benefits, Gill waived his statutory right to pursue a merits determination on his combined disability-retirement application.

{¶ 31} SERS did not act in an unreasonable, arbitrary, or unconscionable manner by refusing to address the merits of Gill's application for combined disability-retirement benefits. SERS correctly concluded that it lacked authority to proceed on Gill's application for combined benefits after Gill had effectively abandoned that application by requesting and receiving independent benefits based solely on his PERS service. Moreover, Gill did not meet the five-year service requirement to request independent benefits from SERS.

### Remaining Claim

{¶ 32} SERS next claims that the court of appeals erred in determining which of Gill's employment positions is to be the focus of a disability determination in a combined-benefits case. The remaining claim is moot, however, because of our disposition of SERS's first claim. This result is consistent with our well-settled precedent that we will not indulge in advisory opinions. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, 899 N.E.2d 975, ¶ 43.

### Conclusion

{¶ 33} Therefore, because SERS did not abuse its discretion by refusing to make a merits determination on Gill's appeal from the initial denial of his combined disability-retirement application when the retirement system lacked authority to do so, the court of appeals erred in granting the writ of mandamus. Accordingly, we reverse the judgment of the court of appeals and deny the writ.

Judgment reversed

and writ denied.

MOYER, C.J., and O'CONNOR, LANZINGER, and CUPP, JJ., concur.

PFEIFER, LUNDBERG STRATTON, and O'DONNELL, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

**{¶ 34}** Ohio Adm.Code 3309-1-41(A)(1) requires the School Employees Retirement System ("SERS") to notify the applicant or benefit recipient by letter of the retirement board's decision whether to grant an appeal. Nearly three and a half years after Gill's SERS disability-retirement appeal was heard by the SERS retirement board, Gill still has not received the written notice of SERS's decision on his appeal.

**{¶ 35}** The majority argues that because the statutes are silent on this issue, we must accord SERS deference in interpreting the pertinent legislation. Yet, as a statutory entity, SERS can only act as expressly authorized by statute. *Cosby v. Cosby*, 96 Ohio St.3d 228, 2002-Ohio-4170, 773 N.E.2d 516. As both the magistrate and the court of appeals found, there is no statutory authority supporting SERS's claim that Gill's application for combined disability-retirement benefits with SERS was automatically "voided" after PERS approved his independent disability-retirement benefit. Neither is there any case law supporting this position.

**{¶ 36}** Further, the majority contends that Gill has waived his right to pursue combined disability-retirement benefits under both PERS and SERS when he opted to seek disability-retirement benefits solely from PERS without regard to his SERS service time. I disagree. Gill attempted to follow the instructions given to him by both PERS and SERS in filing his application for combined disability-retirement benefits. After hearing nothing for several months from SERS, Gill had little choice but to pursue his retirement-disability benefits under PERS.

**{¶ 37}** If SERS's position denying disability-retirement benefits is reversed (a strong probability given that PERS found disability on the same set of

10

facts), the original application for combined disability-retirement benefits would be reinstated, and PERS has indicated that it is willing to combine and administer the benefits pursuant to statute.

{¶ 38} More important, PERS did not file any objections to the magistrate's decision, nor did PERS join in the appeal to this court. Rather, PERS stated in a December 9, 2005 letter that it was willing to administer Gill's combined benefits should SERS find Gill disabled. In my view, SERS has no standing to assert any position on behalf of PERS.

{¶ 39} Today's decision is, in my opinion, unsupported by the governing statutes and contrary to the public policy allowing combining disability-retirement benefits under two or more of the three retirement systems. R.C. 145.37(B) (PERS), 3307.57(B) (State Teachers Retirement System) and 3309.35(B) (SERS). The majority robs Gill of an option I believe he was intended to have. Nor is this decision supported by any legal authority. By this ruling, we have created a new trap for disabled employees. Accordingly, I respectfully dissent and would affirm the judgment of the court of appeals and grant the writ of mandamus.

PFEIFER and O'DONNELL, JJ., concur in the foregoing opinion.

_____

Thomas P. O'Donnell & Associates and Thomas P. O'Donnell, for appellee.

Richard Cordray, Attorney General, and Todd A. Nist, Assistant Attorney General, for appellant.

_____