[Cite as *Orth v. Ohio Dept. of Edn.*, 2014-Ohio-5353.]

## IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sherry L. Orth, | : | |
| Appellant-Appellant, | : | |
| | | No. 14AP-19 |
| v. | : | (C.P.C. No. 13 CVF 003993) |
| State of Ohio, Department of Education, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

## D E C I S I O N

### Rendered on December 4, 2014

*Farlow & Associates, LLC*, *Beverly J. Farlow* and *Chelsea L. Berger*, for appellant.

*Michael DeWine*, Attorney General, *Mia Meucci Yaniko* and *Holly E. LeClair Welch*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellant, Sherry L. Orth ("appellant"), appeals the December 19, 2013 judgment of the Franklin County Court of Common Pleas, which affirmed the March 12, 2013 resolution of the Ohio State Board of Education ("Board"), a division of appellee, Ohio Department of Education ("ODE").[1] For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} On September 22, 2010, ODE charged appellant with violating R.C. 3319.31(B)(1) due to her conduct arising from an incident on October 22, 2009 during which a child under appellant's care suffered injuries. Appellant exercised her right pursuant to R.C. Chapter 119 for a hearing, which was held on January 11, 2011. On

---

[1] R.C. 3301.13 provides the relationship between the State Board of Education and the Department of Education. ("The department of education shall consist of the state board of education, the superintendent of public instruction, and a staff.")

March 1, 2011, the hearing officer issued a report and recommendation concluding that appellant engaged in conduct unbecoming to the teaching profession in violation of R.C. 3319.31(B)(1) and recommending that the Board permanently revoke appellant's teaching license.

{¶ 3} On March 15, 2011, appellant filed with the Board objections to the report and recommendation of the hearing officer. On April 11, 2011, the Board adopted a resolution, which it mailed to appellant on April 29, 2011, accepting the report and recommendation of the hearing officer to permanently revoke appellant's teaching license.

{¶ 4} Pursuant to R.C. 119.12, appellant timely appealed the resolution of the Board to the Franklin County Court of Common Pleas. On February 15, 2012, the trial court filed a decision affirming the April 11, 2011 resolution of the Board. Upon appeal, this court, on September 28, 2012, reversed the decision of the trial court and remanded to the Board for further proceedings. *Orth v. Ohio Dept. of Edn.*, 10th Dist. No. 12AP-155, 2012-Ohio-4512 ("*Orth I*").

{¶ 5} Upon remand, the Board, on November 13, 2012, approved a resolution that vacated its April 11, 2011 order, which permanently revoked appellant's teaching license, and remanded the matter to a hearing officer for further proceedings. On February 6, 2013, the hearing officer filed a report and recommendation, which was mailed to appellant on February 11, 2013, recommending that the Board either permanently revoke appellant's teaching license or revoke her license but permit reapplication, with the limitation that appellant no longer be permitted to teach special education students. On February 20, 2013, appellant filed with the Board objections to the report and recommendation of the hearing officer.

{¶ 6} On March 12, 2013, the Board adopted a resolution, which it mailed to appellant on March 26, 2013, suspending appellant's teaching license from November 6, 2009 through March 12, 2013. On April 10, 2013, appellant appealed the resolution of the Board to the trial court. On December 19, 2013, the trial court affirmed the March 12, 2013 resolution of the Board.

## II. Assignments of Error

{¶ 7} Appellant appeals, assigning the following two errors for our review:

> I. THE TRIAL COURT ERRED IN CONCLUDING THAT THE BOARD'S RESOLUTION WAS IN ACCORDANCE WITH LAW.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION IN CONCLUDING THAT THE BOARD'S RESOLUTION WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.

Because appellant's assignments of error are interrelated, we will address them jointly.

## III. First and Second Assignments of Error.

{¶ 8} Appellant asserts that the trial court erred by concluding: (1) that the Board's resolution was in accordance with law consistent with this court's prior decision; and (2) that the resolution was supported by reliable, probative, and substantial evidence. We begin by examining our findings in *Orth I*.

### A. Analysis of Legal Determinations in Orth I

{¶ 9} In *Orth I*, we found that appellant's handling of first-aid treatment for the student's scratches and her failure to file a report within two business days of the incident did not constitute "conduct unbecoming" under our interpretation of R.C. 3319.31. Because appellant's licensure penalty was based in part on her handling of first-aid treatment, we found it was necessary to vacate the penalty. However, we also found that "violations of R.C. 3319.31(B)(1) can have a nexus with the ability to teach if they involve unreasonable physical restraint of a student," and that there was no abuse of discretion regarding determinations of witness credibility. *Orth I* at ¶ 17. In conclusion, we held that "upon remand to ODE, the issue resolves to whether a classroom teacher who accidentally inflicts scratches on an out-of-control preschool student deserves disciplinary action from ODE." *Id.* at ¶ 26. If the Board determined that disciplinary action was warranted, then it also had to determine the appropriate discipline.

### B. Whether Board's Analysis of "Conduct Unbecoming" Contravened Prior Decision

{¶ 10} In support of her assertion that the Board's resolution was not in accordance with our decision in *Orth I*, appellant contends that the Board was required to apply our analysis of the military justice system's use of the phrase "conduct unbecoming." ODE responds that we did not mandate that the Board must apply our analysis of the definition of "conduct unbecoming" in the Uniform Code of Military

Justice but, instead, directed the Board to apply its own judgment in determining the question on remand. ODE contends that the Board did not err by using the Ohio Administrative Code and the Licensure Code of Conduct for Ohio Educators to determine whether the conduct at issue was unbecoming.

{¶ 11} In *Orth I*, we noted that " '[c]onduct unbecoming' a classroom teacher is not clearly defined by statute in Ohio" and also "not defined by Ohio case law." *Id.* at ¶ 7. Next, we reviewed how other courts in this state have applied the phrase "conduct unbecoming" in teacher licensure cases and noted how the phrase has similarly operated in the context of the military justice system. Specifically, we stated:

> The phrase "conduct unbecoming an officer" has been a part of the Uniform Code of Military Justice for many years. The phrase has never been applied to situations as minimal as failing to immediately render first aid to a military person with minor scratches on his or her lower back area. The phrase also has never been applied to a situation where an officer fails to file a report the same day as an injury.
>
> In the military context, the phrase implies misconduct so seriously against law, justice, morality, or decorum so as to expose the offender to disgrace and or so as to dishonor the military profession.

*Id.* at ¶ 10-11. As we reviewed the military justice system's use of "conduct unbecoming" in the context of noting the lack of a clear definition for the phrase in Ohio statutes, it is clear that we intended such commentary to serve as a useful point for comparison to the present case. However, we did not state that, on remand, the Board must apply the standard we articulated for "conduct unbecoming" in the military justice system to the case at hand.[2]

{¶ 12} Although we stated that our interpretation of R.C. 3319.31(B) was "based at least in part on the longtime use of the 'conduct unbecoming' phrase in the military justice context," this court's remand order did not require the Board to apply such standard to the proceedings at hand. *Id.* at ¶ 17. Rather, we instructed the Board to determine "whether a classroom teacher who accidentally inflicts scratches on an out-of-control

---

[2] We note that our comparison to the military justice context offered no citations to a specific section of the Uniform Code of Military Justice dealing with "conduct unbecoming," or specific cases where the phrase "conduct unbecoming" was analyzed and applied, thereby limiting the comparative value of the example.

preschool student deserves disciplinary action from ODE" and, if the Board answered that question in the affirmative, to determine "what discipline is appropriate." *Id.* at ¶ 26. Our remand order does not prescribe an interpretation of the phrase "conduct unbecoming" as it relates to R.C. 3319.31(B) or mandate the application of the standard used in military justice proceedings.

{¶ 13} Further, actions of an administrative agency are, absent evidence to the contrary, entitled to a presumption of regularity. *Arnold v. Ohio Adult Parole Auth.*, 10th Dist. No. 11AP-120, 2011-Ohio-4928, ¶ 14 ("Where nothing in the record indicates procedural irregularity, a presumption of regularity attaches to administrative agency proceedings."). Upon remand, in its November 13, 2012 resolution, the Board stated: "Whereas the State Board has duly considered the decision of the Tenth District Court of Appeals: Therefore Be It Resolved, That the State Board, in accordance with the decision of the Tenth District Court of Appeals, hereby vacates its prior order * * * and remands this matter to the administrative hearing officer for further proceedings in accordance with the decision of the Tenth District Court of Appeals." (Emphasis omitted.) (Nov. 13, 2012 Resolution, Item 19.) Thereafter, both the February 6, 2013 report and recommendation of the hearing officer and the March 12, 2013 resolution of the Board reference our prior decision and detail the issue on remand. Because our commentary regarding the phrase "conduct unbecoming" in the military justice context was instructive rather than mandatory, and the Board specifically stated that it gave consideration to our prior decision, we find no evidence to rebut the presumption that the Board considered our interpretation of R.C. 3319.31(B) in the regular course of its proceedings.

{¶ 14} We next examine whether other standards used by the Board in interpreting R.C. 3319.31(B)(1) were in violation of our prior decision or statutory law. Specifically, the Board used standards set forth in the Ohio Administrative Code and the Licensure Code of Professional Conduct for Ohio Educators ("Licensure Code") to interpret the phrase "conduct unbecoming" as it relates to the present circumstances. The Licensure Code, which appellee adopted in 2008, serves "as the basis for decisions on issues pertaining to licensure that are consistent with applicable law, and provides a guide for conduct in situations that have professional implications for all individuals licensed by the State Board of Education, such as teachers, principals, superintendents, and other persons

serving schools." (Licensure Code, 1.) The Licensure Code includes eight principles that define the "fundamental beliefs" required for Ohio educators and offers definitions of "conduct unbecoming." (Licensure Code, 1.) The second principle provides that "[c]onduct unbecoming includes, but is not limited to, the following actions":

> (b) Committing an act of cruelty to children or an act of child endangerment (e.g., physical abuse, mental injury, or emotional abuse).
>
> * * *
>
> (g) Failing to provide appropriate supervision of students, within the scope of the educator's official capacity, which risks the health, safety, and welfare of students or others in the school community.

(Licensure Code, 2-3.)

{¶ 15} The Ohio Administrative Code provides a list of factors which the "state board of education shall consider, but not be limited to * * * when evaluating conduct unbecoming" under R.C. 3319.31(B)(1). Ohio Adm.Code 3301-73-21(A). Among others, the Ohio Administrative Code provides that "misconduct involving school children" is a factor for consideration when determining whether conduct is unbecoming under R.C. 3319.31(B)(1). Ohio Adm.Code 3301-73-21(A)(2). The rule further provides mitigating factors and aggravating factors that the Board "may take * * * into consideration when determining a final action" under R.C. 3319.31. Ohio Adm.Code 3301-73-21(B).

{¶ 16} As a general rule, " 'courts * * * must give due deference to an administrative interpretation formulated by an agency that has accumulated substantial expertise, and to which the General Assembly has delegated the responsibility of implementing the legislative command.' " *Bernard v. Unemp. Comp. Rev. Comm.*, 136 Ohio St.3d 264, 267, 2013-Ohio-3121, ¶ 12, quoting *Swallow v. Indus. Comm.*, 36 Ohio St.3d 55, 57 (1988). *See also Minges v. Ohio Dept. of Agriculture*, 10th Dist. No. 12AP-738, 2013-Ohio-1808, ¶ 16 ("Ordinarily courts accord deference to an agency's interpretation of rules that the agency is required to administer."). "However, if an agency's interpretation is unreasonable, then courts need not defer to that interpretation." *Id.* at ¶ 12. *See also State ex rel. Gill v. School Emps. Retirement Sys. of Ohio*, 121 Ohio St.3d 567, 2009-Ohio-1358, ¶ 28, quoting *Northwestern Ohio Bldg. & Constr. Trades*

*Council v. Conrad*, 92 Ohio St.3d 282, 287 (2001) (" 'A court must give due deference to the agency's reasonable interpretation of the legislative scheme.' ").

{¶ 17} R.C. 3319.31(G) provides that "[t]he state board may adopt rules in accordance with Chapter 119 of the Revised Code to carry out this section and section 3319.311 of the Revised Code." Thus, R.C. 3319.31 delegated the responsibility of regulating licensure to the Board, and the Board adopted rules pursuant to statute in the form of the Licensure Code. Therefore, we find that it was reasonable and consistent with this court's decision for the Board to determine whether the conduct at issue was unbecoming with reference to the Licensure Code and the Ohio Administrative Code. As the Board's interpretation of "conduct unbecoming" was reasonable under the circumstances, we must accord it due deference. *See Frisch's Restaurants, Inc. v. Conrad*, 170 Ohio App.3d 578, 2007-Ohio-545, ¶ 21 (10th Dist.) (finding that, "regardless of whether alternative interpretations more satisfactory" to a party, the reviewing court must apply "the principle of administrative deference * * *, and consider only the reasonableness" of the agency's interpretation (internal citation omitted)).

{¶ 18} In conclusion, we cannot agree with appellant's contention that the Board's interpretation of the phrase "conduct unbecoming" was in direct contravention of this court's prior decision.

*C. Whether Findings of Fact in Board's Resolution Contravened Prior Decision*

{¶ 19} Appellant also asserts that several of the Board's findings in its resolution are in direct contravention with our prior decision. With regards to this assertion in general, we note that the hearing examiner may have generally exceeded the scope of the remand order. We did not instruct the board on remand to reconsider other determinations concerning conduct unbecoming. Nevertheless, although the Board did more than it was required to do on remand, we find the additional findings harmless as explained below.

{¶ 20} Appellant first points to the report and recommendation of the hearing officer, wherein the officer states under finding of fact No. 36 that, "[a]lthough Orth may not have intended the bloody scratches this child sustained when he was dragged outside, the risk she was taking with this four-year-old was obvious. That risk was unwarranted." (Report and Recommendation of the Hearing Officer, 6, Item 36.) Appellant contends

that the Board's acceptance of this finding of fact conflicts with our decision in which we stated that "[c]ausing harm to a student is not consistent with maintaining reasonable order in the classroom, although harm can be risked when a student is out of control." *Orth I* at ¶ 17.

{¶ 21} Furthermore, contrary to appellant's contention, although the Board's resolution did not affirmatively reject the finding of fact in question, the Board's resolution never resolved to accept it.[3] Indeed, the resolution's only reference to the finding of fact numbered 36 occurs when it states that it "reject[s] the word 'outside' in the first sentence of finding of fact numbered 36." (Board's Mar. 12, 2013 Resolution, Item 17.) As a result, we cannot agree with appellant that the hearing officer's statement contravened our prior decision.

{¶ 22} Appellant also contends that the Board's resolution contravened our prior decision because the Board implied that the incident occurred outside, although we found that it occurred inside. Although appellant concedes that the Board's resolution rejected references to the incident occurring outside, appellant nonetheless contends that the use of the word "ground" in the Board's resolution describing the incident implies that it occurred outside. Appellant argues that our statement that "the fit thrown by the child before the child left the classroom was the result of the child being asked to go get on the school bus with his classmates" establishes that the incident occurred inside. *Id.* at ¶ 13.

{¶ 23} As ODE notes, appellant herself previously used the word "ground" to describe where the incident occurred in her testimony before the hearing officer. Appellant stated: "As I was going to the floor -- as he pushed me to the ground and floor, I was maneuvering him so that he couldn't hit me. * * * I mean, as I fell to the ground, I got him into that position." (Administrative Hearing Tr. 25-26.) Appellant's usage of both "floor" and "ground" seems to imply that she used them interchangeably and does not necessarily connote whether the incident occurred inside or outside. Therefore, regardless of the implications of the word "ground," we cannot agree that its usage in the Board's resolution in any way contravened our holding in *Orth I.*

---

[3] The Resolution provides: "RESOLVED, that the State Board accepts the following portions of the hearing officer's report and recommendation: findings of fact numbered 1, 2, 3, 4, 5, 6, 7, 8, 12, 13, 15, 21, 33, 40, 41, and 42; and conclusions of law numbered 1, 2, 5, 6, 7, 8, 9, 10, 16, 17, 18, and 20." (Resolution, Item 17.)

{¶ 24}   Thus, although the hearing officer and Board may have exceeded the scope of the question on remand, any such error arising from such determinations is harmless because the findings of the Board in its resolution are consistent with our prior decision, and the Board satisfactorily answered the question we posed on remand.

*D. Whether Board's Resolution Supported by Reliable, Probative, and Substantial Evidence*

{¶ 25} Appellant next contends that it was error to conclude that the Board's resolution is supported by reliable, probative, and substantial evidence. In support of her contention, appellant again points to the usage of the word "ground" in the Board's resolution. As we have already found that the usage of the word "ground" in the report and recommendation of the hearing officer and in the resolution of the Board is irrelevant to the Board's resolution of the issue on remand, we cannot agree that its usage impacts whether the evidence used to support the Board's resolution is reliable, probative, and substantial.

*E. Whether Penalty in Accordance with Law*

{¶ 26} Finally, appellant contends that the penalty imposed by the Board was arbitrary and not in accordance with law. In our prior decision, we vacated the penalty imposed on appellant because it was based in part on determinations of "conduct unbecoming," which we reversed as inconsistent with our interpretation of R.C. 3319.31. No such cause exists here to necessitate nullification of the penalty. Regardless of our agreement with the Board's determination of the penalty on remand, we may not address the issue of whether the penalty is appropriate provided that it is in accordance with law and supported by reliable, probative, and substantial evidence. *Henry's Café, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233 (1959); *Shah v. State Med. Bd. of Ohio*, 10th Dist. No. 14AP-147, 2014-Ohio-4067, ¶ 17 ("When the board's order is supported by reliable, probative, and substantial evidence and is in accordance with law, a reviewing court may not modify a sanction authorized by statute."). As the penalty imposed in this case, namely the suspension of appellant's license, is authorized by statute pursuant to R.C. 3319.31, we cannot agree with appellant's contention that the penalty was not in accordance with law.

{¶ 27} In conclusion, we find that the Board's resolution is in accordance with law and consistent with our prior decision and that the resolution is supported by reliable, probative, and substantial evidence. Accordingly, we overrule appellant's first and second assignments of error.

## IV. Disposition

{¶ 28} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

————————————————