[Cite as *Cleveland v. Caraballo*, 2018-Ohio-4418.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106731**

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**ROBERT CARABALLO**

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2017 CRB 023287

**BEFORE:** Jones, J., Kilbane, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 1, 2018

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY: Nikki Trautman Baszynski
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland Law Director

BY:   Bryan Fritz
Assistant City Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} After a bench trial, defendant-appellant, Robert Caraballo ("Caraballo"), was convicted of "misconduct/fare evasion," in violation of Cleveland Codified Ordinances 605.11. Caraballo now appeals, and for the reason that follow we vacate his conviction.

## I. Procedural and Factual History

{¶2} On October 16, 2017, Caraballo was issued a citation by Officer David Dietz ("Officer Dietz") of the Greater Cleveland Regional Transit Authority ("RTA") for misconduct/fare evasion, based on Caraballo's alleged failure to have "proper proof of payment in a paid fare zone."   Caraballo pled not guilty, and the matter proceeded to a bench trial, at

which both Officer Dietz and Caraballo testified.

{¶3} The officer testified that on the day in question, he was assigned to the "fare evasion detail" and was working on the "red line" at the Tower City rapid station. Officer Dietz stopped Caraballo after he exited the rapid and asked him for proof of payment for riding the rapid. Caraballo showed the officer a "valid senior disabled all day pass." The officer testified that the card Caraballo had was the type "you *buy* that you stamp when you're ready to ride." (Emphasis added.) According to the officer, the pass would have been presented when Caraballo first got on the "red line."

{¶4} However, Officer Dietz testified that because it was a "disabled pass [Caraballo] was required to have supporting documentation with it." The "supporting documentation" would have been either an "RTA issued and approved disabled pass" or a "red, white, and blue Medicare card." The officer testified that Caraballo had neither. Officer Dietz testified that Caraballo told him that he received the pass he was using from his probation officer and used it "all the time." Caraballo told the officer he did not have the other documentation on him.

{¶5} On cross-examination, the defense presented Caraballo's "RTA-issued disabled pass." The officer admitted that it appeared legitimate and stated that Caraballo needed to have that with him when he was stopped, but did not.

{¶6} After the city rested its case, the defense made a Crim.R. 29 motion for judgment of acquittal, which the trial court denied.

{¶7} Caraballo testified that he had the "RTA-issued disabled pass" with him on the day in question, and presented it to Officer Dietz, who, nonetheless, gave him a citation. Caraballo testified that he did not recall Officer Dietz's telling him he could waive the citation by sending a

$25 payment to RTA.[1]

{¶8} The trial court stated that it found the testimony of Officer Dietz credible and, therefore, found Caraballo guilty. The court immediately proceeded to sentencing, and sentenced Caraballo to 30 days in jail, and imposed a $250 fine and costs. The court suspended the jail days and $100 of the fine. The court advised Caraballo that the fine and costs were "due in full by February the 2nd, 2018. Pay it on or before that date. If you fail to do so, a warrant will be issued for your arrest." The trial court did not allow Caraballo or his counsel to speak at sentencing. Caraballo now appeals and presents the following six assignments of error for our review:

I. Mr. Caraballo's fare-evasion conviction was based on insufficient evidence.

II. Mr. Caraballo's fare-evasion conviction was against the manifest weight of the evidence.

III. The trial court erred when it imposed a sentence without affording counsel or the defendant an opportunity to speak on the defendant's behalf.

IV. The trial court erred when it imposed a fine without first finding that Mr. Caraballo had a present or future ability to pay it.

V. The trial court's imposition of a $250 fine for this offense violated the Eighth Amendment's protection against excessive fines.

VI. The trial court erred when it told Mr. Caraballo it would issue a warrant for his arrest if he failed to pay his fine or court costs by a designated date.

## II. Law and Analysis

{¶9} In his first assignment of error, Caraballo contends that the evidence was insufficient to support his fare-evasion conviction. We agree and find this assignment of error dispositive

---

[1]Officer Dietz did not testify at the trial that he advised Caraballo about the option of paying a $25 fee to RTA, and the ticket issued to Caraballo also did not indicate that, but the city refers to it in its brief, stating that Caraballo was prosecuted because of his failure to pay the fee.

of the appeal.

{¶10} In determining whether a conviction is supported by sufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶11} Caraballo was convicted under Cleveland Codified Ordinances 605.11, which governs "misconduct involving a public transportation system." Specifically, he was convicted under subsection (a), which provides "[n]o person shall evade the payment of the known fares of a public transportation system."

{¶12} The issue was framed at trial as "whether or not [Caraballo] had the proper identification in conjunction with this fare card for senior disability. And on the date in question, I believe this — as presented through the evidence, he did not have this particular item on his person, which is a violation as it relates to the misconduct involving public transportation, proof that he had his identification."[2]

{¶13} We disagree with the framing of the issue, because it does not go to the ultimate question to be resolved: did Caraballo evade paying for his RTA transportation on the day in question? On the record before us, the evidence is insufficient to support that he did. Officer Dietz testified that the card Caraballo had was one that a person would "buy." Caraballo testified that he got the card from his probation officer. There is evidence that he did not have

---

[2]The transcript attributes the quote to the assistant city prosecuting attorney, but in the context of the quote it makes more sense that it was made by the trial judge.

the proper identification, but that does not translate to evading payment.[3]   The city simply failed to present evidence that Caraballo evaded paying for his fare on the date in question.

**{¶14}** In light of the above, the first assignment of error is sustained, and the remaining assignments of error are moot.   *See* App.R. 12(A)(1)(c).

**{¶15}** Conviction vacated.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

MARY EILEEN KILBANE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

---

[3]As an aside, we note that another judge of the Cleveland Municipal Court has held RTA's fare enforcement policy is unconstitutional.   *Cleveland v. Williams*, Cleveland M.C. No. 2017 CRB 015467.   The city's appeal to this court was dismissed and, therefore, the constitutionality of the policy has not been decided by this court.   *Cleveland v. Williams*, 8th Dist. Cuyahoga No. 106454, 2018-Ohio-2937.